IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:22-cr-00037-MR-WCM-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> JAMES RALPH BRADY, ) <br> ) <br> Defendant. ) <br> _____ ) | O R D E R |

**THIS MATTER** is before the Court on Defendant's "Pro Se Motion to Reduce Sentence/Vacate under 28 U.S.C. 2255" [Doc. 49], which the Court construes as a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), and his Motion to Appoint Counsel [Doc. 50].[1]

## I. BACKGROUND

On September 19, 2022, James Brady ("Defendant") pled guilty to one count of arson, in violation of 18 U.S.C. § 81 and 18 U.S.C. § 1153. [See Doc. 22]. On January 26, 2023, Defendant was sentenced to 48 months'

---

[1] As the Court explained in its prior Screening Order, while Defendant purports to bring his present motion pursuant to 28 U.S.C. § 2255, it appears that he intends to move for a sentence reduction based on compassionate release under 18 U.S.C. § 3582(c)(1)(A). [See Doc. 51]. Accordingly, Defendant's motion will be construed as such.

imprisonment. [See Docs. 33; 34]. Defendant is currently incarcerated at FCI Beckley, and his projected release date is December 20, 2024.[2]

Defendant moves for a reduction of his sentence "due to the BOP's inability (or unwillingness) to provide [him] medical care." [See Doc. 49 at 1]. The Government opposes Defendant's motion, arguing that he failed to "demonstrate[] that he has exhausted [his] administrative remedies" and that "he has not identified any extraordinary and compelling reasons to grant him compassionate release." [Doc. 52 at 6].

## II. DISCUSSION

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). "The statute's requirement that a defendant satisfy the threshold requirement [of requesting that the BOP file a motion on his behalf] before filing [his own] motion in the district court is a non-jurisdictional claim-

---

[2] See https://www.bop.gov/inmateloc/ (last visited Apr. 2, 2024).

processing rule." United States v. Muhammad, 16 F.4th 126, 130 (4th Cir. 2021). "However, although exhaustion is not jurisdictional," when the Government raises "the requirement," it "should be 'rigidly applied . . . .'" United States v. Spencer, No. 20-7171, 2022 WL 355775, at *1 (4th Cir. Feb. 7, 2022) (quoting United States v. Oliver, 878 F.3d 120, 123 (4th Cir. 2017)); see also United States v. Alam, 960 F.3d 831, 834 (6th Cir. 2020) (quoting Hamer v. Neighborhoods Hous. Servs. of Chi., 583 U.S. 17, 20 (2017) ("[w]hen 'properly invoked,' mandatory claim-processing rules 'must be enforced.'")).

Here, Defendant states that "[o]n December 8, 2023, [he] sent a request to Warden Holzapfel asking that [the] BOP make a motion for compassionate release" and that "[t]he Warden ignored [his] request." [See Doc. 49 at 1]. However, Defendant has submitted *no* evidence demonstrating that he ever made such a request, and his mere contention is insufficient to demonstrate that he has exhausted his administrative remedies. See, e.g., United States v. Ware, No. 2:14-CR-15, 2023 WL 2958470, at *2 (N.D. W. Va. Apr. 14, 2023) (a defendant's mere contention that "he made a request for compassionate release with the Warden," without additional "evidence or proof that he submitted such a request[,]" is insufficient to demonstrate exhaustion of administrative remedies).

Additionally, the Government has submitted documentation from the BOP expressly stating that it has no record of Defendant ever making such a request. [See Doc. 52-2 at 1]. Accordingly, Defendant has failed to demonstrate that he has exhausted the administrative remedies available to him before filing a motion with the Court. Therefore, because the Government properly invoked this issue, Defendant's motion is denied.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's Pro Se Motion to Reduce Sentence/Vacate under 28 U.S.C. 2255 [Doc. 49] is hereby **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion to Appoint Counsel [Doc. 50] is hereby **DENIED AS MOOT.**[3]

Signed: April 4, 2024

Martin Reidinger
Chief United States District Judge

---

[3] Additionally, "[a]s the United States Court of Appeals for the Fourth [Circuit] has recognized, '[t]here is no right to counsel in post-conviction proceedings.'" United States v. Canter, No. 2:15CR14, 2023 WL 5598989, at *2 (N.D. W. Va. Aug. 29, 2023) (quoting Haige v. Pinion, 995 F.2d 1062, at *1 (4th Cir. June 7, 1993) (unpublished table decision)).